```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| CALGON CARBON CORPORATION, )<br>          Plaintiff,         )<br>                               )<br>     v.                       ) Civil Action No. 98-72<br>                               )<br>POTOMAC CAPITAL INVESTMENT    )<br>CORPORATION; PROGRESS CAPITAL )<br>HOLDINGS, INC.; and FLORIDA   )<br>PROGRESS CORPORATION,         )<br>          Defendants.        ) | |

**ORDER OF JURY SELECTION PROCEDURE**

Once the jury panel has been placed in the courtroom, the Deputy Clerk will administer the following oath to the panel, en banc:

> "You and each of you do solemnly swear and affirm that any statement you make in this room in the cause now trying shall be the truth, the whole truth, and nothing but the truth, and you do so under the pains and penalties of perjury."

Once the oath has been administered, the Courtroom Deputy will then address the panel as follows:

1. "The caption of this case is <u>Calgon Carbon Corporation v. Potomac Capital Investment Corporation, Progress Capital Holdings, Inc., and Florida Progress Corporation</u> at Civil Action No. <u>98-72</u>. This is a case involving the sale by the defendants to Calgon Carbon Corporation of a company by the name of Advanced Separation Technologies. Do any of you know anything about this case?"

2. "Are any of you, or any member of your immediate family, an employee, former employee, or shareholder in Advanced Separation Technologies, or AST?"

3. "The PLAINTIFF in this case is <u>Calgon Carbon Corporation</u>. Are any of you, or any member of your immediate family, an employee, former employee, or shareholder in <u>Calgon Carbon Corporation</u>?"

4. "The DEFENDANTS in this case are <u>Potomac Capital Investment Corporation, Progress Capital Holdings, Inc., and Florida Progress Corporation</u>. Are any of you, or any member of your immediate family, an employee, former employee, or shareholder in either <u>Potomac Capital Investment Corporation, Progress Capital Holdings, Inc., and Florida Progress Corporation</u>?"

5. "The PLAINTIFF is represented by Attorneys <u>James H. McConomy, Patricia L. Dodge and Elaina Smiley of the law firm of Meyer, Unkovic and Scott</u>."

6. "DEFENDANTS <u>Progress Capital Holdings, Inc., and Florida Progress Corporation</u> are represented by Attorneys <u>David G. Hetzel, Gary P. Connelly and Dennis O. Brown of the law firm of LeBoeuf, Lamb, Greene and MacRae, LLP</u>."

   "DEFENDANT <u>Potomac Capital Investment Corporation</u> is represented by Attorneys <u>Bruce A. Baird and Rebecca Rohr of the law firm of Covington and Burling, LLP</u>."

7. "Do any of you know these attorneys? Have they, or any member of their firms, ever represented you or a member of your immediate family, if you know?"

8. "Do any of you have any difficulty in seeing or hearing, or understanding the English language, that would impair your full attention to the trial?"

9. "Do any of you take medication that might make you drowsy or prevent you from giving your full concentration during the course of this trial?"

10. "Do any of you have any physical problems that would make it difficult for you to sit as a juror in this case?"

11. "Witnesses in this case may be any or all of the following:

   David Adler
   Colin Bailey
   Dudley Bryant
   William Crawford
   Robert Cruickshank
   Timothy J. Donnelly
   Kirk Emge
   Thomas Ennis
   Joseph Fischette
   Rodney Gaddy
   Pasquale Gentile, Jr.
   Kevin Hart
   Michael Hart
   Joel Helms
   Scott Keefer
   Richard Korpan
   John MacCrum
   Thomas McConomy
   Richard Michel
   Sharon Moore Bettius
   Louis Musante
   Richard O'Brien
   Nick Prater
   Ronald Riley
   Robert Ruckel
   Seth Schofield
   William Shapiro
   Bob Siegert
   James Smallwood
   Frank Steininger
   Kevin Stephens
   Robert Van Haute
   Harry Weil
   Steve Weiss
   Robert Yohe
   Roger Zanitsch
   Mark Zmijewski

   Do you know any of these witnesses?

After the above questions have been asked of the jury, en banc, the jurors will be seated in the jury box. A panel of 18 jurors will be seated in the courtroom. Individual voir dire will then begin in the jury deliberation room in the order in which the jurors were seated. Pursuant to Local Rule 47.1(C), the Courtroom Deputy will ask each juror the following:

1. "Where do you live (city and county only)?"

2. "What is your occupation and for whom do you work?"

3. "Are you married? If so, what is your spouse's occupation and for whom does he or she work?"

4. "Do you have any children? Are they in school or employed? If employed, for what do they do and for whom do they work?"

5. "Do you own or rent your current home?"

6. "Do you have an attorney? If so, what is your attorney's name? Have you ever had the occasion to use an attorney? If so, for what?"

7. "Have you ever been a party to a lawsuit?"

    (a) plaintiff or defendant?
    (b) type of lawsuit and result?
    (c) effect on jury service?

8. "What is your educational background?"

9. "Have any of the questions asked brought to your mind anything that you wish to volunteer?"

10. "This case may take up to three (3) weeks to try. Would this cause you any undue hardship?"

11. "Is there any reason you couldn't sit on this jury?"

At the conclusion of the individual voir dire, the Deputy will announce a short break to allow counsel to consider the jurors' responses. A total of 10 strikes will be made. The plaintiff will make the first, fourth, seventh and last strikes. Defendants Florida Progress Corporation and Progress Capital Holdings will make the second, fifth and eighth strikes. Defendant Potomac Capital Investment Corporation will make the third, sixth and ninth strikes. Each challenge is to be labeled (i.e. "P-1" is plaintiff's first challenge; "DF-2" is the Florida Progress defendants' second challenge; "DP-3" is defendant Potomac's third challenge). Those stricken jurors will be removed from the jury box. The remaining panel will be the jury selected for this trial.

When seating a jury panel, the first eight (8) names from the panel of 18 seated is the PRIMARY panel. This means that if any of the first eight (8) jurors are selected for this jury, they are to remain in their seats, with the remaining jurors to fill in the rest of the panel.

If, for example, jurors 1, 3, 5 & 8 are selected, as are jurors 10, 12, 13 and 15, the panel will be seated in the following manner:

```
Juror #1 remains juror #1.
Juror #8 becomes juror #2.
Juror #3 remains juror #3.
Juror #10 becomes juror #4.
Juror #5 remains juror #5.
Juror #12 becomes juror #6.
Juror #13 becomes juror #7.
Juror #15 becomes juror #8.
```

Once the jury is seated in the jury box and the Judge is on the bench, but prior to the beginning of testimony, the Courtroom Deputy will administer to the jury the following oath:

> "Do each of you solemnly swear or affirm that you will well and truly try the matters in issue now on trial, and render a true verdict, according to the law and the evidence, and that you do so under the pains and penalties of perjury."

After the entire case has been presented to the jury and they prepare to deliberate on the issues presented, the Deputy Clerk will be sworn in as the Bailiff by the Law Clerk present, who will administer the following oath:

> "You do solemnly swear to keep this jury together in some private and convenient place, and not to permit any person to speak to, or communicate with them, nor to do so yourself unless by order of the court or to ask whether they have agreed on a verdict, and to return them into court when they have so agreed, or when ordered by the Court, so help you God."

BY THE COURT:

_____, J.
Hon. Gary L. Lancaster,
United States District Judge

Dated: January 8, 2007