IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CALGON CARBON CORPORATION )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>POTOMAC CAPITAL INVESTMENT )<br>CORPORATION, a Delaware )<br>corporation, PROGRESS CAPITAL )<br>HOLDINGS, INC., a Florida )<br>corporation; and FLORIDA )<br>PROGRESS CORPORATION, )<br>A Florida corporation )<br>      Defendants. ) | Civil Action No. 98-72 |

MEMORANDUM

Gary L. Lancaster,
District Judge.                                                          January 26, 2006

Defendants have requested a contributory negligence jury instruction related to plaintiff's negligent misrepresentation claim. Plaintiff correctly points out that defendants failed to plead contributory negligence in their answer to the amended complaint. As such, plaintiff contends, and the court agrees, that defendants waived this affirmative defense and cannot plead it at the end of trial, eight years after this lawsuit was filed.

Defendants contend that they did not plead contributory negligence because they assumed that Florida law governed the negligent misrepresentation claim in this case and under Florida

law, unlike Pennsylvania law, comparative negligence is applied to a negligent misrepresentation claim and, according to defendants, comparative negligence is not an affirmative defense. Defendants are mistaken.

First, we note that regardless of whether Pennsylvania or Florida substantive law applies, this case is still governed by the Federal Rules of Civil Procedure. Specifically, Federal Rule 8(c) states, in pertinent part, that:

"In pleading to a preceding pleading, a party shall set forth affirmatively....contributory negligence... and any other matter constituting an avoidance or affirmative defense." That is, any affirmative defense must be affirmatively plead, or it is waived. Parties are required to assert affirmative defenses early in litigation, so prejudice may be avoided and judicial resources may be conserved. As the Court of Appeals for the Third Circuit explained, "The purpose is to avoid surprise and undue prejudice by providing the plaintiff with notice and the opportunity to demonstrate why the affirmative defense should not succeed." U.S. v. Bendolph, 409 F.3d 155, 160 (3d Cir. 2005).

Defendants attempt to distinguish contributory negligence in Pennsylvania, which is an affirmative defense, from comparative negligence in Florida which they contend is not an affirmative defense. This distinction is without merit.

Under Pennsylvania law, contributory negligence is an affirmative defense to a negligent misrepresentation claim. In Pennsylvania, "the doctrine of contributory negligence bars recovery if the plaintiff's negligence contributed to his loss." Westcoat v. Northwest Savings Association, 378 Pa. Super. 295 (Pa. Super. 1988). The doctrine of contributory negligence, and not comparative negligence, is applied in Pennsylvania when the tort involved does not involve injury to person or real property. Id.

Under Florida law, a plaintiff's negligence will not bar recovery but works only to reduce any damages that a plaintiff would receive based on the percentage of negligence attributed by the jury to the plaintiff. This is customarily called comparative negligence.

That, however, is the extent of the difference between the two state's law. Because even a cursory review of Florida case law, both federal and state, clearly show that comparative negligence is recognized as an affirmative defense under Florida law. See generally, Philip Morris USA v. Arnitz, 933 So.2d 696 (Fla. App. 2d. Dist. 2006); Vidal v. Macksoud, 933 So.2d 659 (2006); Harvey v. Home Depot, 2005 WL 1421170 (M.D. Fla. 2005)

Defendants' request for a contributory or comparative negligence jury instruction is denied because regardless of whether Pennsylvania law governs and contributory negligence applies or whether Florida law governs and comparative negligence applies they

3

are both affirmative defenses. As such, were required under Rule 8a to be pled in the answer. Neither was, thus, they are waived.

BY THE COURT:

_____