IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CALGON CARBON CORPORATION,<br>          Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | Civil Action No. 98-72 |
| POTOMAC CAPITAL INVESTMENT<br>CORPORATION, a Delaware<br>corporation; PROGRESS CAPITAL<br>HOLDINGS, INC., a Florida<br>corporation; and FLORIDA<br>PROGRESS CORPORATION, a<br>Florida corporation,<br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |

ORDER

Gary L. Lancaster,
District Judge.                                        February 1, 2007

Under Rule 50, a court should render judgment as a matter
of law when "a party has been fully heard on an issue and there
is no legally sufficient evidentiary basis for a reasonable jury
to find for that party on that issue." Fed. R. Civ. P. 50. In
entertaining a motion for judgment as a matter of law, the court
should review all of the evidence in the record.  In doing so,
however, the court must draw all reasonable inferences in favor
of the nonmoving party.  Thus, although the court should review
the record as a whole, it must disregard all evidence favorable
to the moving party that the jury is not required to believe.
That is, the court should give credence to the evidence favoring
the nonmovant as well as that "evidence supporting the moving
party that is uncontradicted and unimpeached." 9A Charles Alan

Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 2529, 301.

Potomac Capital Investment Corporation has contended throughout this litigation that the AST officers who aided the Chase group and the J.P. Morgan group in their evaluations of its stock and who facilitated the due diligence process of this sale were not its agents for purposes of any Securities Act or negligence misrepresentation claims. Progress Capital/Florida Progress does not dispute its agency relationship with the AST officers.

Although the parties dispute whether Florida or Pennsylvania law applies to this case, the definition of agency under either state law is indistinguishable. Agency is a relationship that exists when one person, called a principal, obtains another person, called an agent, to perform services for him, and to act on his behalf, but subject to the principal's right of control, and the agent consents to act in that manner. <u>Compare</u> <u>Pa. Suggested Std. Civ. Jury Inst.</u> § 4.00A (2005) <u>with</u> <u>Fla. Std. Jury Inst. in Civ. Cases</u>, Chap. 3(b)1.

Moreover, where the principal intentionally or negligently causes a third party to rely on the belief that the agent has the authority to act on the principal's behalf and, the principal accepts the benefits of the agent's efforts, the principal is estopped from contending that the agent did not have the

authority. See Pa. Suggested Std. Civ. Jury Inst. § 4.00B (2005); State of Florida v. Heckman, 644 So.2d 527 (Fla. App. 1994).

The relevant testimony at trial was that Mr. James Smallwood, was a treasurer at Progress Capital Holdings and a treasurer at AST. He was the person assigned to head the sale of AST. Mr. Smallwood delegated to the President and CEO of AST, Mr. Dudley Bryant, and the Vice-Presidents at AST, Mr. Ron Riley, Mr. Stephen Weiss, Mr. Gordon Rossiter and Mr. Jack Bartholomae, the responsibility of aiding both the Chase group and J.P. Morgan group in their evaluations, meeting with potential buyers, provide them with all material information requested, and facilitate the due diligence process. Potomac was well aware that these individuals were performing these tasks in furtherance of the sale of its stock, as well as, the sale of Progress Capital's stock. Indeed, Potomac's general counsel, Janet Doyle, was present at several meetings that took place between buyers, sellers, and the AST officers listed.

In addition to Potomac's knowledge that these individuals acted on its behalf in aiding Chase and J.P. Morgan in evaluating the value of its stock and were facilitating and providing the information needed by the potential buyers for the due diligence process for the sale of its stock, the Sales Agreement, which Potomac's counsel helped negotiate and draft, states at Section 5.1 that:

3

> Between the date of this Agreement and the Closing
> Date, the Sellers (which include Potomac) will, and
> will cause the Company and its Representatives (AST
> officers) to, (a) afford the Buyer and its
> Representatives and prospective lenders and their
> Representatives (collectively, the "Buyer's
> Advisors") full and free access during business hours
> to the Company's personnel, properties (including
> subsurface testing), contracts, books and records,
> and other documents and data, (b) furnish the Buyer
> and the Buyer's Advisors with copies of all such
> contracts, books and records, and other existing
> documents and data as the Buyer may reasonably
> request, and (c) furnish the Buyer and the Buyer's
> Advisors with such additional financial, operating,
> and other data and information reasonably available
> to the Company as the Buyer may reasonably request...

This clause represents to plaintiff that the sellers,
including Potomac, 1) identified the AST officers as the ones
responsible for providing the due diligence information to buyers
for them, 2) assert the power to control the actions of AST and
its officers for the due diligence process, 3) contractually
agreed to and, in fact, directed the AST officers to undertake
the continuing due diligence task on both the sellers' behalf.

Finally, not only was Potomac aware that these AST officers
were aiding Chase and J.P. Morgan in evaluating the value of its
stock; and were facilitating the due diligence process in order
to sell Potomac's stock; signed a written agreement that
identified the AST officers as their agents subject to Potomac's
control and direction in the due diligence process; but also,
Potomac paid its pro rated share of these AST officers' bonuses
for their efforts in getting the AST stock Potomac owned --sold.

4

Defendants have not placed any testimony or evidence on the record that disputes these facts.  Potomac simply  argues that because it took a more passive role in the sale and did not, outside of the agreement of sale, direct the AST officers, they were not its agents.   This is insufficient to create a jury issue.   Based on the undisputed evidence of record, as a matter of law, I find that Mr. Dudley Bryant, Mr. Ron Riley, Mr. Stephen Weiss, Mr. Gordon Rossiter and Mr. Jack Bartholomae, were Potomac's agents with respect to their aiding Chase and J.P. Morgan to evaluate the value of the AST stock it owned as part of the due diligence process and producing the information and statements made by them to the buyers during the due diligence.

By The Court

5