IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CALGON CARBON CORPORATION          )
          Plaintiff,               )
                                   )
          v.                       )   Civil Action No. 98-0072
                                   )
POTOMAC CAPITAL INVESTMENT         )
CORPORATION, a Delaware            )
corporation, PROGRESS CAPITAL      )
HOLDINGS, INC., a Florida          )
corporation; and FLORIDA           )
PROGRESS CORPORATION,              )
A Florida corporation              )
          Defendants.              )

MEMORANDUM and ORDER

Gary L. Lancaster,
District Judge.                         September 28, 2007

The parties are familiar with the background of this case
and it need not be detailed here. We need only state that after
a three-week trial, the jury returned a verdict in favor of
plaintiff, Calgon Carbon Corporation, on a claim of negligent
misrepresentation. The jury awarded plaintiff $10,000,000 in
damages. Numerous post-trial motions are pending. Plaintiff has
filed a motion to alter the judgment in order to add prejudgment
interest to the jury's verdict. Defendant Potomac Capital
Investment Corporation has filed a motion to stay the judgment,
a motion for judgment notwithstanding the verdict, or, in the
alternative, a motion for a new trial. Defendants Progress
Capital Holdings, Inc. and Florida Progress Corporation have

filed a motion to stay the judgment, a motion for a new trial, and a motion for judgment as a matter of law.[1]

We will address each of these motions in turn. For the reasons set forth below, all motions will be denied.

### A. Plaintiff's Motion to Alter or Amend Judgment to Add Prejudgment Interest

Plaintiff has moved to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) to add prejudgment interest. Plaintiff requests prejudgment interest at the rate of 6% per annum from December 31, 1996 through the date of entry of judgment on January 26, 2007, for a total interest award of $6,042,739.73. According to plaintiff, awarding prejudgment interest on a negligent misrepresentation claim is within the sound discretion of this court.

Defendants contend that plaintiff is not entitled to prejudgment interest for a negligent misrepresentation claim under Pennsylvania law. Specifically, defendants allege that plaintiff cannot recover prejudgment interest in a tort action when damages are unliquidated or not measurable by market value, or other definite standard. According to defendants, because the

---

[1] Defendants have also filed motions for leave to file a reply and a surreply [doc. #433, 450, 451]. The parties have adequately briefed all relevant issues and additional briefing is unnecessary. As such, these motions will be denied.

law in Pennsylvania is settled, there is no need to apply an "equitable" test to determine whether delay damages should be awarded.

In <u>Marrazzo v. Scranton Nehi Bottling Co.</u>, 263 A.2d 336, 337 (Pa. 1970), the Supreme Court of Pennsylvania held that "...it is now the settled law in this Commonwealth that interest, as such, is not allowed in tort actions when the damages sought to be recovered are unliquidated." However, delay damages may be appropriate if "...the compensation can be measured by market value or other definite standard."   <u>Id</u>.   In the instant case, there are no unliquidated damages, or damages that can be measured by market value.   Rather, the amount of damages was heavily disputed by the parties throughout the trial.

The rule in <u>Marrazzo</u> barring prejudgment interest was later amended to allow delay damages, calculated based on interest rates, in personal injury, wrongful death and property damage actions.  <u>See</u>  Pa.R.Civ.P. 238; <u>Francisco v. U.S.</u>, 54 F.Supp.2d 427, 431 (E.D. Pa. 1999).  This rule, however, did not change the general principle in <u>Marrazzo</u> as to all other types of cases.  In fact, even after the enactment of Pa.R.Civ.P. 238, courts in Pennsylvania have held that "[o]nly a plaintiff, who succeeds on a contract claim, is entitled to prejudgment interest as a matter of right."  <u>Skurnowicz v. Lucci</u>, 798 A.2d 788, 797 (Pa. Super.

3

Ct. 2002)(denying a motion for delay damages on a fraudulent misrepresentation claim).

In addition to these rules, Pennsylvania law also provides that an award of prejudgment interest is a matter of equity committed to the sound discretion of the court. The Pennsylvania Supreme Court in Marrazzo instructed courts to look at all the circumstances in the case, including whether the delay was caused by outrageous demands by the plaintiff or by defendants' unwillingness to settle the case.   263 A.2d at 338. After evaluating the circumstances of the case, a court may award prejudgment interest if equity requires it.   Even were prejudgment interest a possible remedy in this case, we find that equity does not require that it be awarded here.

As plaintiff points out, this was a complex litigation spanning over ten years and "it is fair to say that no party has been dilatory in prosecuting the action." See Plaintiff's Memorandum of Law in Support of Motion to Alter or Amend Judgment to Add Prejudgment Interest, p.5 [doc. #417].   Based on the jury's finding that defendants were merely negligent in their dealings with plaintiff, we find that equity weighs against making an award of prejudgment interest.   Accordingly, plaintiff's motion to alter or amend the judgment to add prejudgment interest is denied.

4

B.  Defendant Potomac's Renewed Motion for Judgment as a
     Matter of Law, or in the Alternative for a New Trial,
     Remittitur, or to Alter the Judgment

Defendant Potomac argues that it is entitled to judgment as
a matter of law because no reasonable jury could have found
Potomac liable for the acts of AST's officers.    In the
alternative, defendant Potomac seeks a new trial because of the
following alleged errors at trial: the court should not have
instructed the jury that AST's officers were defendant's agents,
the court should not have submitted the negligent
misrepresentation claim to the jury, and the court should have
excluded plaintiff's expert testimony on damages.    Defendant
Potomac also claims that the verdict is factually and legally
insufficient, and that it is against the weight of the evidence.
We will address each of defendant's contentions in turn.


1.  Applicable Legal Standards

     (a)  Motion for Judgment as a Matter of Law

Whenever a motion for judgment as a matter of law under
Rule 50(a)(1) is not granted at trial, the moving party may renew
the motion after judgment has been entered.    Fed.R.Civ.P. 50(b).
A motion for judgment as a matter of law will be granted only if,
"viewing the evidence in the light most favorable to the
nonmovant and giving it the advantage of every fair and
reasonable inference, there is insufficient evidence from which

5

a jury reasonably could" reach its verdict. <u>Lightning Lube, Inc.</u> <u>v. Witco Corp.</u>, 4 F.3d 1153, 1166 (3d Cir. 1993).  In determining whether the evidence is sufficient to sustain the jury's verdict, the court cannot reweigh the evidence, determine the credibility of witnesses, or substitute its version of the facts for the jury's version. <u>Reeves v. Sanderson Plumbing Products, Inc.</u>, 530 U.S. 133, 150 (2000); <u>Fineman v. Armstrong World Indus., Inc.</u>, 980 F.2d 171, 190 (3d Cir. 1992).

(b)   <u>Motion for a New Trial</u>

A moving party may be granted a new trial under Fed. R.Civ.P. 59 even when the court determines that entry of judgment as a matter of law in that party's favor is not appropriate. <u>Roebuck v. Drexel Univ.</u>, 852 F.2d 715, 735-36 (3d Cir. 1988).  A new trial should be granted only when the verdict is contrary to the great weight of the evidence, or when a miscarriage of justice would result if the verdict were to stand. <u>Sheridan v.</u> <u>E.I. DuPont de Nemours and Co.</u>, 100 F.3d 1061, 1076 (3d Cir. 1996).  The court should find that the verdict is against the great weight of the evidence "only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks [the] conscience." <u>Williamson v. Consolidated Rail Corp.</u>, 926 F.2d 1344, 1353 (3d Cir. 1991).

6

(c) <u>Motion to Alter or Amend the Judgment</u>

Defendant has also filed a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). "A proper motion to alter or amend judgment must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice." <u>North River Ins. Co. v. CIGNA Reinsurance Co.</u>, 52 F.3d 1194, 1218 (3d Cir. 1995) (citations omitted).

2. <u>The Motion for Judgment as a Matter of Law</u>

Defendant Potomac alleges that it is entitled to judgment as a matter of law because it cannot be held liable for the acts of AST's officers. According to Potomac, plaintiff did not introduce evidence that Potomac exercised control over AST's officers' day to day actions, or that AST officers acted to benefit Potomac. Specifically, Potomac denies that AST's officers were its agents and contends that the court erred in instructing the jury that they were.

Defendant Potomac previously presented these same arguments to the court in support of the Motion for Judgment as a Matter of Law that it filed during trial [doc. #403, 409]. The court specifically addressed defendant's contentions immediately after trial, in its February 1, 2007, order [doc. #415]. Defendant

7

does not raise any new arguments or facts in this second motion. Therefore, for the reasons set forth in this court's February 1st order, defendant Potomac's motion for judgment as a matter of law is denied.[2]


   3. Motion for a New Trial

      (a) Agency

      Defendant Potomac alternatively contends that it is entitled to a new trial because the court should have submitted the agency issue to the jury. For the reasons stated immediately above, and in our order dated February 1, 2007, [doc. #415], the motion is denied.

---

[2]   Defendant also briefly contends that it is entitled to judgment as a matter of law because there was no evidence upon which a reasonable jury could have determined that AST officers negligently misrepresented facts. Defendant does not provide any facts or argument to support this contention. Even so, the court has considered this contention. The court disagrees with defendant. Over the course of the three-week trial, plaintiff presented sufficient evidence to support the verdict.

(b) <u>Gist of the Action/Economic Loss Rule</u>

Defendant Potomac next contends that the negligent misrepresentation claim should have been barred by the gist of the action doctrine and the economic loss rule. Defendant previously raised this issue to the court in a motion <u>in</u> <u>limine</u> [doc. #334]. Again, defendant does not present any new facts or arguments here. Therefore, for the reasons set forth in this court's January 1, 2007, order, [doc. #386], this motion is denied.

(c) <u>Jury Instructions</u>

Defendant Potomac contends that the instructions to the jury regarding damages, material fact, justifiable reliance, failure to investigate, and comparative negligence were erroneous.

i. <u>Damages</u>

Defendant alleges that the court did not explain to the jury that any damages awarded must have been the result of a misrepresentation.

A review of the court's instructions show that defendant is mistaken. We instructed the jury that the misrepresentation of material fact had to result in injury to

9

plaintiff.   We further instructed the jury that the appropriate measure of damages for negligent misrepresentation was for the buyer to "recover a sufficient amount to compensate it for its loss, which may be the difference between what the buyer paid for the stock and the actual value of the same stock at the time of the sale." These instructions clearly informed the jury that the damages must have been the result of a misrepresentation.   See doc. #445, p.92.   As such, defendant's argument has no merit.

### ii. Material Fact and Justifiable Reliance

Defendant contends that the court did not define the terms "material fact" and "justifiable reliance" in its instructions to the jury.   A review of the trial transcript shows that defendant is mistaken.   The court defined material fact extensively in its jury instructions[3] [doc. #445, p.89].   The court then explained what constituted

---

[3]    The court defined "material fact" as a "fact related to a matter that would be of some importance or significance in the decision-making process of a reasonable investor, rather than simply a minor or trivial detail. A material fact is one that a reasonable person would attach importance to in determining his course of action in the transaction at issue.   In this case, a material fact is one that a reasonable person would deem important in determining whether or not to purchase AST stock and, if so, at what price." [doc. #445, p.89].

"justifiable reliance" under these circumstances[4] [doc. #445, p.90]. Further, the court clearly instructed the jury that these definitions applied to both the securities fraud claim and the negligent misrepresentation claim. [doc. #445, pp.91-92] ("Now I am not going to go over the definitions again, but please keep in mind the same definitions apply to both the securities fraud claim and the negligent misrepresentation claim"). Therefore, defendant's objection to the jury instructions on this basis is without merit.

### iii. Failure to Investigate

Defendant Potomac also objects to this court's instruction on "failure to investigate" as it applied to the negligent misrepresentation claim. Defendant contends that the court used the wrong legal standard in instructing the jury. The court instructed the jury that as part of a negligent misrepresentation claim, the misrepresentation of a material fact must have been "made under circumstances in which the misrepresenter ought to have known of its falsity" [doc. #445,

---

[4]    The court instructed that in determining justifiable reliance "there must be a causal connection between the misrepresentation and plaintiff's injury. There must also be a demonstration that plaintiff exercised the diligence that a reasonable person under all the circumstances would have exercised to protect his own interests." [doc. #445, p.90].

11

p.92]. The court went on to explain that "the speaker need not know that his words are untrue, but must have failed to make a reasonable investigation of the truth of those words. That is, if Defendant did not know the statement was untrue, it should have known it was untrue." Id. The court's instruction is derived from Pennsylvania case law. See Gibbs v. Ernst, 647 A.2d 882, 890 (Pa. 1994)("[N]egligent misrepresentation differs from intentional misrepresentation in that to commit the former, the speaker need not know his or her words are untrue, but must have failed to make reasonable investigation of the truth of those words.") (citing Restatement (Second) of Torts § 552). As such, the court finds no error in this instruction.

### iv. Comparative Negligence

Finally, defendant Potomac contends that the court erred in not including an instruction on comparative negligence. Defendant acknowledges that it did not plead this defense in its answer. However, defendant Potomac has argued that it did not need to plead it because under Florida law, contributory negligence is not an affirmative defense.

In its brief, defendant does not address, or even cite, Federal Rule of Civil Procedure 8(c), which states in relevant part, "In pleading to a preceding pleading, a party shall set

12

forth affirmatively...contributory negligence... and any other matter constituting an avoidance or affirmative defense." Once again, this was an issue hotly contested, and argued extensively, at trial. Defendant does not raise any novel arguments here.[5] Therefore, for the reasons set forth in this court's order dated January 26, 2007 [doc. #410], we find no error in our decision to not instruct the jury on comparative negligence.

Defendant Potomac briefly argues, in the alternative, that the court should have permitted defendants to amend their answer pursuant to Federal Rule of Civil Procedure 15(b). Defendant Potomac, however, never made a motion pursuant to Rule 15(b). The court will not address this argument in the first instance at this juncture.

Because we find no error in the jury instructions on any of the grounds advanced by defendant, defendant's motion for a new trial is denied.

---

[5]     We note that although defendant extensively addresses the "key differences" between Pennsylvania and Florida law in its brief, defendant failed to raise these when the court requested a memorandum of law regarding the differences between Pennsylvania and Florida law as applied to any tort claim. To the contrary, defendant represented that the states' laws affecting tort claims were the same. See Defendants' Memorandum of Law Concerning Common Law Counts [doc. #394].

13

(d) <u>Damages</u>

Defendant Potomac next argues that a new trial is warranted because the court erred in admitting plaintiff's evidence on damages. Defendant contends that plaintiff's expert testified regarding damages that were "not known or knowable" at the time of the transaction. Defendant Potomac also contends that the schedule of damages provided to the expert lacked foundation.

According to plaintiff, its expert properly calculated damages based on the amount of money plaintiff had to spend as a result of contingencies and problems known to defendants, but not plaintiff, at the time of the sale.

Evaluating defendant's argument in the light most favorable to the prevailing party, we find that plaintiff's expert testimony was admissible. Defendant Potomac vigorously disputed plaintiff's expert report on damages throughout the trial on the same basis as it does here. The jury was free to agree with defendant that the damages were speculative. Although defendant disputes the expert's opinion, it has not pointed to anything that made this evidence inadmissible at trial.

Again, this is not the first time that the court has addressed this issue. The court held a <u>Daubert</u> hearing on damages on June 18, June 19, June 20 and June 21, 2002.

14

Defendant also raised this same issue at the summary judgment stage, and in a motion in limine. For the reasons set forth in this court's order dated September 24, 2003 [doc. #265], and during trial, the motion for a new trial is denied.

### (e) Factually and Legally Inconsistent Verdict

Defendant Potomac briefly argues that the jury's verdict was inconsistent because the jury found in favor of defendants on the securities fraud and breach of contract claims, but in favor of plaintiff on the negligent misrepresentation claim.

The elements for these claims were different. Plaintiff's securities fraud and breach of contract claim required defendants to act intentionally. For the negligent misrepresentation claim, it was enough that defendants "should have known" that the statements being made were untrue. See Gibbs v. Ernst, 647 A.2d 882, 890 (Pa. 1994). Therefore, the jury's verdict was factually and legally consistent.

### (f) Weight of the Evidence

Referring the court to its previous motion for judgment as a matter of law [doc. # 402], defendant Potomac argues that the verdict was against the weight of the evidence because AST

15

officers were not Potomac's agents. We have discussed this issue above in the context of defendant's motion for judgment as a matter of law, and objections to the jury instructions. For the same reasons set forth above, and in this court's order dated February 1, 2007 [doc. #415], this motion is denied.

### (g) Negligent Misrepresentation Evidence

Defendant Potomac next argues that any facts not disclosed by AST officers were not known or knowable at the time of the sale. In the alternative, defendant contends that plaintiff already knew of these undisclosed facts by other means, therefore plaintiff could not have justifiably relied on any alleged misrepresentations.

Defendant Potomac presented this argument to the jury throughout trial. Plaintiff, on the other hand, presented evidence of, for example, under-accrued problem projects that were never revealed to plaintiff. Whether plaintiff was aware of these problems was a key factual dispute throughout the trial. The jury credited plaintiff's evidence and rejected defendant's. There is no basis to disturb the jury's findings and grant a new trial. Defendant's motion is denied.

16

(h)  Evidence of $10 million in damages, or in the
     alternative, remittitur

Defendant finally contends that there was no evidence
to support a $10 million award because that number was arrived at
in hindsight.    In the alternative, defendant claims it is
entitled to remittitur of the damages amount to $486,855, the
amount of the allegedly understated warranty accruals.

In essence, defendant's "hindsight" argument is that no
one could have predicted the exact amount of money that it would
cost to fix all the problems that defendant negligently
misrepresented, and, therefore, no damages can be awarded.
However, according to plaintiff, had it known of these problems,
it would have either not bought the company, or lowered its bid
to account for them.   Plaintiff argued that it was not given the
opportunity to account for these problems because it was not
aware of them.   Furthermore, plaintiff presented expert testimony
that it cost them an additional $10 million to correct these
problems.   Defendant Potomac is not entitled to a new trial, or
remittitur, based on the fact that the jury believed plaintiff's
version of events.   Defendant's motion is denied.

17

4.   The Motion to Alter or Amend Judgment

Defendant Potomac's final motion requests that we alter or amend the judgment to correct the errors of law identified above. Having found no legal errors above, we deny defendant's motion.

## C.   Defendants Progress Capital Holdings, Inc. and Florida Progress Corporation

We now turn to the motions filed by defendants Progress Capital Holdings, Inc. and Florida Progress Corporation. The Progress defendants seek a new trial pursuant to Federal Rule of Civil Procedure 59 on the grounds that: (1) there were substantial errors in the admission of evidence; (2) there were substantial errors in the court's instructions to the jury; (3) the verdict rendered was wholly against the weight of the evidence; (4) the jury's award was grossly excessive in light of the evidence of causation; and (5) the court erred in applying Pennsylvania law.   The Progress defendants have also filed a motion for judgment as a matter of law based on the gist of the action doctrine, the Stock Purchase Agreement, and lack of damages evidence.   These defendants' arguments are substantially similar, if not identical, to those addressed above. As such, we need only address each of them briefly.

18

1.   Motion for a New Trial

(a)  Damages

The  Progress  defendants  contend  that  there  was inadequate evidence of damages.  Defendant Potomac made the same arguments.  For the reasons set forth above, these defendants' motion for a new trial based on a lack of evidence of damages is denied.

These  defendants  additionally  argue  that  some  of plaintiff's expert testimony should have been excluded pursuant to  Daubert  v.  Merrill  Dow  Pharmaceutical,  Inc.,  509  U.S.  579 (1993).  As pointed out above, the court held a Daubert hearing on June 18 through June 21, 2002,and granted in part and denied in part defendants' motions [doc. #265].  For the same reasons, defendants' motion is denied.

The  Progress  defendants  next  argue  that  plaintiff's expert testimony was inadmissible for a number of reasons.  These arguments have been repeatedly presented to the court.  See e.g., Defendants'  Motion  to  Preclude  Evidence  Involving  FAS-38 Accounting Adjustment [doc. #339], Defendants' Motion to Preclude the  Introduction  of  Evidence  Related  to  AST's  Financial Projections [doc. #337], Defendants' Motion to Exclude Evidence of Expenditures on Jobs That Were Not Shipped, Assembled, or Installed Until After Closing and for Problems that Did Not Arise

Until After the Closing [doc. #343], and Defendants' Motion to Exclude Evidence of Non-warranty Expenditures [doc. #345]. Defendants do not raise any new arguments here. Therefore, the motion for a new trial due to alleged defects in the damages evidence is denied.

### (b) Comparative Negligence Jury Instruction

The Progress defendants argue that the court erred in denying their request for a comparative negligence instruction. Just like defendant Potomac, these defendants argue that under Florida law contributory negligence is not an affirmative defense and does not have to be pled. We have addressed this issue at length above, at trial, and in prior written orders. More need not be said. We deny defendants' motion for a new trial on the same grounds.

### (c) Amend the Answer Under Rule 15(b)

The Progress defendants next argue that the court erred in not conducting a Rule 15(b) analysis in deciding whether to grant their motion to amend the pleadings to conform to the evidence. These defendants argue, for the first time, that the issue of contributory negligence had been tried, that plaintiff had expressly consented to it, and that plaintiff would not be

20

prejudiced by the amendment. Defendants further argue that contributory negligence was sufficiently raised by the existing responsive pleadings, that notice of these issues was adequately presented in the pretrial statements, that notice of the issue was presented in the proposed jury instructions, and that defendants should have been permitted to amend their answer because they did not waive this defense.

The Progress defendants' arguments were not presented to the court during trial. Defendants do not, and cannot, cite to any portion of the transcript where they made the above arguments. At the time, defendants opted to argue, and still argue, that contributory negligence was not pled because they were drafting their answer with the assumption that this court would apply Florida law in this case. We applied Pennsylvania law, and under it, and the Federal Rules of Civil Procedure, refused to include a jury instruction on contributory or comparative negligence.

All defendants are sophisticated parties with the benefit of very experienced counsel. In fact, defendants had numerous attorneys present at all times during trial. During the course of trial, the court can only rule on arguments made and motions presented by such experienced counsel. The court did not, and would not, question defendants' strategic choice to rely on the novel argument that contributory negligence was not an

21

affirmative defense under Florida law, and therefore, did not have to be pled in federal court. They argued this consistently and vigorously. Defendants' attempts to second guess this strategy, and place their mistakes at the feet of this court are disingenuous, at best.

The Progress defendants cannot now contend that the court erred in not conducting a proper 15(b) analysis after failing to present a 15(b) motion to the court at trial.

### (d) Inconsistency

The Progress defendants also contend that the jury's verdict was inconsistent because both the contract claim and the negligent misrepresentation claim were based on the same factual allegations. Although the allegations, and facts, were similar, the elements necessary to prove each claim were different. For the reasons set forth above, this motion is denied.

22

2. Judgment as a Matter of Law

(a) Gist of the Action

These defendants contend that judgment must be entered in their favor because plaintiff's negligent misrepresentation claim was barred by the gist of the action doctrine and the economic loss rule. Defendant Potomac made these same arguments. For the reasons set forth above, the motion is denied.

(b) Stock Purchase Agreement

The Progress defendants contend that plaintiff's remedies should have been limited by the stock purchase agreement, and that the court erred in allowing plaintiff to present a tort action and avoid the terms and limitations of the contract. This is, in essence, a "gist of the action" argument. For the same reasons set forth above, this motion is denied.

(c) Damages

The Progress defendants contend that there was no reasonable evidence of damages and, alternatively, that plaintiff's damages evidence should not have been introduced. We have addressed these same arguments above in the context of defendant Potomac's motions. For the reasons set forth above, this motion is denied.

23

D.  <u>Conclusion</u>

All motions are denied.   The court finds no error to justify disregarding the jury's verdict.   An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CALGON CARBON CORPORATION<br>           Plaintiff, | )<br>)<br>) |
|           v. | )<br>)<br>) |
| POTOMAC CAPITAL INVESTMENT<br>CORPORATION, a Delaware<br>corporation, PROGRESS CAPITAL<br>HOLDINGS, INC., a Florida<br>corporation; and FLORIDA<br>PROGRESS CORPORATION,<br>A Florida corporation<br>           Defendants. | )<br>)Civil Action No. 98-0072<br>)<br>)<br>)<br>)<br>)<br>) |

<u>ORDER</u>

Therefore, this 20th day of September, 2007, IT IS

HEREBY ORDERED that:

Plaintiff's Motion to Amend or Alter the Judgment to Add Prejudgment Interest [document #416] is DENIED;

Defendant Potomac Capital Investment's Motion For Judgment as a Matter of Law or in the Alternative, Motion for a New Trial, Remittitur, or to Alter the Judgment [document #423] is DENIED;

Defendants Progress Capital Holdings, Inc., and Florida Progress Corporation's Motion for a New Trial [document #426] is DENIED;

Defendants Progress Capital Holdings, Inc., and Florida Progress Corporation's Motion for Judgment as a Matter of Law [document #428] is DENIED;

Defendants' Motion For Leave to File Defendants' Surreply to Plaintiff's Motion to alter or Amend Judgment to Add Prejudgment Interest [document #433] is DENIED;

25

Defendant Potomac Capital Investment's Motion For Leave to File a Reply Memorandum [document #450] is DENIED;

Defendants Florida Progress Corporation and Progress Capital Holdings, Inc.'s Motion for Leave to File Reply Memorandum [document #451] is DENIED;

Defendants Florida Progress Corporation and Progress Capital Holdings, Inc.'s Motion to Stay [document #418] is MOOT; and

Defendant Potomac Capital Investment's Motion to Stay [document #420] is MOOT.

BY THE COURT:

_____, J.

cc:   All Counsel of Record

26